UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5792 FMO (MAAx) | Date | August 3, 2021 |
|---|---|---|---|
| Title | Delia Ghiotto v. Enrique Montemayor Primicias, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order to Show Cause Re: Removal

On June 10, 2021, plaintiff Delia Ghiotto ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Enrique Montemayor Primicias ("Primicias") and Laboratory Corporation of America ("LCA") (collectively, "defendants"). (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1). On July 16, 2021, LCA removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. (See id. at ¶ 3). Having reviewed the pleadings, the court questions whether LCA properly removed this action.

According to LCA, diversity jurisdiction exists here because (1) diversity exists between plaintiff and defendants; and (2) the amount in controversy exceeds $75,000. (See Dkt. 1, NOR at ¶¶ 3-4). LCA contends that plaintiff is a resident of Arizona, (id. at ¶ 3), LCA is a citizen of Delaware and North Carolina, (see id.), and that Primicias is a resident of California. (Id.).

"A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, it appears that Primicias is a citizen of California, the state in which plaintiff filed this action. (See Dkt.1, NOR at ¶¶ 1 & 3). Accordingly, pursuant to 28 U.S.C. § 1441(b)(2), this case could not have been removed.[1] See,

---

[1] While it is unclear whether Primicias has been served in this action, (see, generally, Dkt. 1, NOR), the parties are advised that "courts, including the Ninth Circuit, generally have not found

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 21-5792 FMO (MAAx)** | Date | **August 3, 2021** |
|---|---|---|---|
| Title | **Delia Ghiotto v. Enrique Montemayor Primicias, et al.** | | |

e.g., Spencer v. United States Dist. Court, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiff shall, no later than **August 13, 2021**, file a motion to remand this action based on, at minimum, the presence of a local defendant pursuant to 28 U.S.C. § 1441(b)(2).

                                                                                                           00 : 00

Initials of Preparer      gga

---

that Congress intended to expand federal removal jurisdiction with the inclusion of the 'properly joined and served' language in § 1441(b)." Hughes v. Too Faced Cosmetics, LLC, 2019 WL 4750118, *3 (C.D. Cal. 2019) (granting motion to remand pursuant to 28 U.S.C. § 1441(b)(2) although the individual defendant, who was a forum resident, had not yet been served).